## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-22928-CV-KING/O'SULLIVAN

MARVIN PACE,

      Plaintiff,

v.

SGT. LEWIS, *et al.,*

      Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE RECOMMENDING
## DISMISSAL NON-COMPLIANCE WITH COURT ORDER

### I. Introduction

This Cause is before the Court upon periodic review of the case in light of the Court's order [ECF No. 60] directing Plaintiff to file a response to the joint Motion to Dismiss ("Motion") filed by Defendants, Gerald A. Barnes, Martin P. Byron, Omar Kaersenthout, and Herman O. Lewis ("Defendants") [ECF No. 59]. Plaintiff was previously granted an extension of time to file his response to the Motion which was due on or before March 26, 2021.[1] *See* [ECF No. 63 at 1]. The Court's Order has not been returned by the U.S. Postal Service as undeliverable. Further, the time for filing Plaintiff's response has expired, and even given an additional timeframe to comply, Plaintiff has not filed anything further in this case.

---

[1] Instead, Petitioner submitted unexecuted declarations from Hami Rolle, Sharon Wheeler, Judith Sanchez, and Edna Pace. [ECF Nos. 64-67]. Federal law requires that declarations include a "handwritten averment, signed and dated, that the statement is true under penalties of perjury." *McCaskill v. Ray,* 279 F. App'x 913, 915 (11th Cir. 2008) (quoting 28 U.S.C. § 1746). Where, as here, the declarations are not in compliance with § 1746, they are legally deficient and cannot be considered to rebut dismissal of this action.

The case has been referred to the Undersigned for Report and Recommendation on any dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). For the reasons set forth below, the undersigned recommends that the case be DISMISSED without prejudice.

## II. Discussion

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Fed. R. Civ. P. 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. *Link v. Wabash Railroad Company*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, No. 11-10518, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).

Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *Chambers,* 501 U.S. at 43; *Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Servs., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers,* 501 U.S. at 43).; *Coleman*, 433 F. App'x at 718*; Sanders v. Barrett*, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)); *cf.* Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* ... dismiss any action for want of prosecution, with or without prejudice[,] ... [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction. . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or

2

willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." *Thomas v. Montgomery Cnty. Bd. of Educ.*, 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting *Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1366 (11th Cir. 1995)); *see also Taylor v. Spaziano*, 251 F. App'x 616, 619 (11th Cir. 2007) (citing *Morewitz*, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits; and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *Taylor*, 251 F. App'x at 619; *Coleman*, 433 F. App'x at 719; *Brown*, 205 F. App'x at 802-03.

While this Court carefully exercises its discretion to dismiss cases, dismissal of this action without prejudice is warranted. *See Coleman*, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); *Taylor*, 251 F. App'x at 620-21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); *Brown*, 205 F. App'x at 802-03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). Given the foregoing, this case should be dismissed pursuant to the Court's inherent authority and Fed. R. Civ. P. 41(b) for Plaintiff's failure to comply with the court's order and for want of prosecution.

### III. Conclusion

It is therefore **RECOMMENDED** that:

1. Plaintiff's civil rights action be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with the Court's Order requiring a response to the motion to dismiss filed by Defendants;

2.     Defendants' motions to dismiss [ECF No. 59] be **DENIED AS MOOT;** and,

3.     The case **CLOSED**.

### IV.  Notice of Right to Object

A party shall serve and file written objections, if any, to this Report with the U.S. District Court Judge for the Southern District of Florida, within FOURTEEN (14) DAYS of being served with a copy of this Report.  *See* 28 U.S.C. § 636(b)(1)(C).  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  *See* 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4,* 977 F.3d 1185, 1191-92 (11th Cir. 2020).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **1st** day of April, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:
Marvin Pace, *Pro Se*
DC#B02617
Suwannee Correctional Institution
Inmate Mail/Parcels
5964 US Highway 90
Live Oak, FL 32060

Ezra Saul Greenberg, Ass't County Atty
Attorney for Defendant(s)
Miami-Dade County Attorney's Office
111 NW 1st Street, Ste 2810
Miami, FL 33128
Email: ezrag@miamidade.gov