UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-22928-CV-KING/O'SULLIVAN

MARVIN PACE,

   Plaintiff,

v.

SGT. LEWIS, *et al.*,

   Defendants.
_____/

**ORDER**

THIS MATTER is before the Court *sua sponte*. After the Defendants Gerald A. Barnes, Martin P. Byron, Omar Kaersenthout, and Herman O Lewis (the "Defendants") filed a joint Motion to Dismiss [ECF No. 59], the Court ordered Plaintiff to file a response thereto [ECF No. 60]. Plaintiff's motion seeking to extend the time to file his response was granted, with the response being due on or before March 26, 2021. [ECF No. 63]. Plaintiff was cautioned that failure to timely file his response might result in dismissal of this action. [*Id.*]. When the time for filing the response expired, on April 1, 2021, the Undersigned entered a Report recommending dismissal of this action without prejudice. [ECF No. 68]. Thereafter, rather than seek leave to file an untimely response, Plaintiff filed a motion requesting an evidentiary hearing on the Defendants motion to dismiss for lack of exhaustion.[1] [ECF No. 70]. Plaintiff filed two more motions [ECF No. 71-72] seeking the issuance of subpoenas and the appointment of experts.[2] On March 22, 2021, Plaintiff

---

[1] The facility mail stamp reveals the motion was delivered for mailing on March 25, 2021, but was not received by this Court until April 2, 2021, as evidenced by the Clerk's mail stamp. *See* [ECF No. 70 at 1].

[2] The facility stamp reveals these filings were also mailed on March 25, 2021. [ECF Nos. 71-72].

1

purportedly signed, and then handed to prison officials for mailing on March 25, 2021 his response to the Defendants' motion to dismiss.[3] [ECF No. 73]. This filing, however, was not file stamped received by the Clerk of Court until April 9, 2021. [*Id.*]. After review of the Motions and the record as a whole, it is

ORDERED AND ADJUDGED as follows:

1. In light of Plaintiff's response [ECF No. 73] to the Defendants' motion to dismiss [ECF No. 59], the Undersigned's Report recommending dismissal of this action is hereby VACATED.

2. Plaintiff's motion for an evidentiary hearing [ECF No. 70] on the Defendants' motion to dismiss is DENIED without prejudice. If necessary, an evidentiary hearing in this matter will be scheduled *sua sponte* when this Court is ready to review the Defendants' motion to dismiss together with Plaintiff's response. *See McIlwain v. Burnside,* 830 F. App'x 606, 611 (11th Cir. 2020) (finding "a district court may resolve disputed questions of fact on submitted papers only 'in the absence of a timely request for an evidentiary hearing.'") (citation omitted).

3. Regarding Plaintiff's motions [ECF Nos. 71-72] requesting that subpoenas be issued to non-parties and that the Court appoint and subpoena two unidentified experts, a neurologist and a psychologist, the motions are DENIED without prejudice. Plaintiff has not alleged that he has complied with the applicable Federal Rules of Civil Procedure regarding

---

[3] Notably, although the prison mail stamp shows the Plaintiff's response was handed to the prison for mailing on March 25, 2021, Plaintiff's certificate of service states it was mailed on March 26, 2021. [ECF No. 73 at 21].

discovery.[4] For example, Plaintiff has not attached the required witness fees to the non-party, and to serve the notice, subpoena, and witness fees together upon that individual. *See* Fed. R. Civ. P. 45(a)(2)-(4), (b)-(c). Thus, if Plaintiff wishes to conduct written depositions or requests for production from non-party witnesses, he must review Federal Rules of Civil Procedure 28, 30, 31, and 45. If, after reviewing the rules, Plaintiff believes he is able to conduct depositions and obtain documents in compliance with all applicable rules, Plaintiff shall notify the Court and make a showing that he is able and willing to retain an officer to take responses and prepare the record, that he has properly served the defendants, and that a deposition can be conducted before the deadline for discovery set by this court's pretrial scheduling order, as amended herein. *See Gaia v. Smith,* No. C.A. C-09-212, 2010 WL 1257820, at *1 (S.D. Tex. Mar. 24, 2010)(denying prisoner plaintiff's motion for leave to depose inmates "without prejudice subject to a request by plaintiff as to the method of the depositions as well as an indication as to how the fees and expenses consistent with those depositions will be paid."); *Beckles v. Artuz,* No. 01CIV10016(BSJ)(HBP), 2005 WL 702728, at *2 (S.D.N.Y. Mar. 25, 2005)(ordering prisoner plaintiff "to submit a proposed plan for conducting the depositions he seeks. The proposal should address how the depositions will be conducted" including who "will administer the oath."). To the extent Plaintiff believes that he may be relieved of the expenses and burdens associated with discovery practice because he is

---

[4] Plaintiff is further advised that since he is requesting that subpoenas be served on non-parties, Plaintiff will be required to pay attendance and/or mileage fees pursuant to Fed. R. Civ. P. 45. Because the purported witnesses are non-parties, Plaintiff must propound upon the witness written questions and requests in accordance with Fed. R. Civ. P. 30, 31, 34, and 45. This, in turn, must then be served upon the witnesses. in accordance with Fed.R.Civ.P. 31(a)(3), and 34(e). Typically, a deponent answers written deposition questions orally, in the presence of a court officer. *See* Fed.R.Civ.P. 31(b). Unless the parties stipulate otherwise, the party noticing the deposition is required to provide the questions to an "officer, as that term is defined in Rule 28(a), who will take the deponent's responses to the questions, certify them, and send them to the noticing party." *Id.;* Fed. R. Civ. P. 31(b); 30(b)(5). Under Fed. R. Civ. P. 34(c), Plaintiff may compel a non-party to produce documents and tangible things as provided in Fed. R. Civ. P. 45. Under Fed. R. Civ. P. 45, Plaintiff must serve upon the non-party a subpoena to attend a deposition and to produce at that time and place, the specified documents. *See* Fed. R. Civ. P. 45(a)(1)(A)-(C).

proceeding in this action as an *in forma pauperis* litigant, he is mistaken. Plaintiff is advised that his pauper status does not entitle him to free services such as scheduling, conducting, and recording depositions.

DONE AND ORDERED at Miami, Florida on this 12th day of April, 2021.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:
Marvin Pace, *Pro Se*
DC#B02617
Suwannee Correctional Institution
Inmate Mail/Parcels
5964 US Highway 90
Live Oak, FL 32060

Ezra Saul Greenberg, Ass't County Atty
Attorney for Defendant(s)
Miami-Dade County Attorney's Office
111 NW 1st Street, Ste 2810
Miami, FL 33128
Email: ezrag@miamidade.gov